## Kindt's Appeal.

1. The failure of a judgment creditor to preserve his lien, by neglecting to give the terre-tenant notice of a scire facias to revive, will not discharge a surety upon the bond upon which the judgment was entered.

2. Winton v. Little, 13 Norris 64, followed.

February 28th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Berks county:* Of January Term 1883, No. 231.

This was an appeal by Esther Kindt from a decree of the Orphans' Court of Berks county, dismissing her exceptions to and confirming the report of an Auditor appointed to distribute the estate of Christian L. Bechtel, deceased.

The facts, as found by the auditor (Jeremiah K. Grant, Esq.) were as follows : On April 6th 1871, Christian L. Bechtel, the decedent, became a surety on a judgment bond for $2,000, given by Charles H. Miller to Michael Haak, with a warrant of attorney bearing even date therewith attached, upon which judgment was entered on the same day. At the time of said entry, Charles H. Miller had certain real estate of sufficient value to pay the judgment. Subsequent to said entry, Charles H. Miller and Elvira L. his wife, conveyed their respective interests in said estate to Christian L. Bechtel, who on the following day reconveyed it to Elvira L. Miller, in fee, which conveyances were duly recorded. On March 9th 1876, the said judgment was revived at the instance of Michael Haak by an amicable sci. fa. against Charles H. Miller and Christian L. Bechtel, but no notice was given to Elvira L. Miller, the terre-tenant; whereby the judgment lost its lien and became uncollectible in respect to the estate conveyed as aforesaid (See Haak's Appeal, 4 Out. 59).

On February 27th 1879, Michael Haak assigned the judgment to Esther Kindt. Bechtel died in July 1880, and on the audit of his estate, Esther Kindt presented this judgment for payment. Counsel for the administrators objected to its allowance on the ground that the failure to properly revive the judgment, was a discharge of the surety.

[Kindt's Appeal.]

The auditor disallowed the claim, and the exceptions filed to his report on behalf of Esther Kindt were dismissed by the Court (Sassaman, J.), and the report confirmed. The exceptant thereupon took this appeal, assigning for error the said action of the court.

*Frank S. Livingood*, for the appellant.—It is not the policy of the law to relieve sureties from their obligations without some positive act or declaration detrimental to the sureties' interest. The inquiry as to the surety always is, whether in equity he is entitled to relief, in consequence of an injury he has received by the conduct of the obligee to the principal. That a failure to revive or other merely permissive indulgence to the principal will not create such an equity in the surety, is shown by the analogous cases of Commissioners *v.* Ross, 3 Binney 520; United States *v.* Simpson, 3 P. & W. 437; Mundorff *v.* Singer, 5 Watts 172; Cathcart's Appeal, 1 Harris 416; Morrison *v.* Hartman, 2 Harris 55; Brubaker *v.* Okeson, 36 Pa. St. 519; and directly by Winton *v.* Little, 94 Pa. St. 64.

*A. G. Green* (*H. C. G. Reber* with him), for the appellee. —The facts were different in Winton *v.* Little, and the case is not analogous. In our case the creditor revived the judgment within five years, which is evidence of an agreement so to do, but failed to make such revival effective, by not bringing in the terre-tenant, thereby defeating the very object of the revival to the detriment of the surety.

Mr. Justice Green delivered the opinion of the court, March 19th 1883.

When Haak's judgment was revived against Miller and Bechtel in 1876, it was done by an amicable writ of scire facias and agreement to which Bechtel, the surety, was necessarily a party. He knew therefore that the judgment was not being revived against Mrs. Miller, his sister, terre-tenant then of the land which was bound by the judgment on the day it was entered. Moreover he had himself received a conveyance of the land from Miller and wife on the same day the judgment was entered and immediately after re-conveyed it to the wife, who continued to hold it thereafter. Bechtel therefore knew perfectly well when the judgment was revived, that his sister, the terre-tenant, was not included in the revival, and that as to her the land was discharged of the lien of the judgment thenceforth. If he desired that the lien of the judgment should remain, it was his plain duty to notify the creditor to that effect both for the creditor's protection and his own. He did not see proper to do so. Haak, the judgment creditor, might well be

satisfied to revive his judgment in the same manner as it was originally taken. If he was content with the liability of Charles H. Miller and Bechtel he was perfectly at liberty to rest upon that, and might wait as long as he chose without putting in peril his right to collect the money from Bechtel. Mere supineness would not prejudice his right to resort to the surety, unless the latter notified him to proceed, of which there is no pretence. It would be strange indeed if in such circumstances, an omission to revive against a subsequent alienee of the land, should deprive the creditor of his right of recovery against the surety. It has been repeatedly held that even when the judgment creditor failed entirely to revive his judgment against the debtor and thereby lost its lien altogether against the land of the debtor, such omission was no defence to the surety. Thus in United States v. Simpson, 3 Penna. 437, it was held that where the judgment creditor suffered the lien of the judgment to expire, without revival, the surety was not discharged. GIBSON, C. J., said, " the rule is well settled that mere forbearance however prejudicial to the surety will not discharge him. It is his peculiar business to judge of the danger to be apprehended from delay, and to quicken the creditor, where the occasion requires it, in the way known to the law ; in default of which the loss incurred is necessarily to be attributed to his own supineness." In Mundorff v. Singer, 5 W. 172, it was held, that if an obligee in a bond obtain a judgment against the principal and suffer it to remain without revival until the lien on his lands be lost, and afterwards sue the surety on the same bond, the latter cannot avail himself of the negligence of the plaintiff as a defence. This principle has been followed in many cases, among which the latest is that of Winton v. Little, 13 Norr. 64, in which Mr. Justice TRUNKEY, on p. 73, says, " Mere forbearance, however prejudicial to the surety, will not discharge him. This rule applies where a creditor suffers a judgment to lose its lien for want of revival against the principal debtor, and thereby subsequent creditors are enabled to take the land." The foregoing authorities and the principle which they declare and enforce, were entirely overlooked by the auditor and court below and hence there was error in the conclusion at which they arrived. There was nothing but delay on the part of the judgment creditor. He made no contract by which he disabled himself from proceeding at any time. He revived his judgment against both the original defendants, and merely failed to revive it against the terretenant who was a stranger to the original judgment. The surety gave no notice to the creditor to proceed, and it would be contrary to the well established law to hold that in such circumstances he was released from his liability. His obligation was

kept continuously alive and of course his estate must discharge it.

> The decree of the court below is reversed, and it is ordered that the record be remitted to the Orphans' Court with directions to make distribution of the fund in accordance with this opinion, the costs of this appeal to be paid by the appellees.